JUDGE LYNCH

07 CV 5650

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AGROSHIP LIMITED,

                              Plaintiff,

- against -

MNB STEEL (PRIVATE) LIMITED a/k/a MNB STEEL
(P) LTD.,

                              Defendant.
-----------------------------------------------------------------X

07 CV _____

ECF CASE



RECEIVED
JUN 1 4 2007
U.S.D.C. S.D.N.Y.
CASHIER

## VERIFIED COMPLAINT

Plaintiff, AGROSHIP LIMITED (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, MNB STEEL (PRIVATE) LIMITED a/k/a MNB STEEL (P) LTD., (hereafter referred to as "Defendant"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the Owner of the motor vessel "HOPE" (hereinafter the "Vessel).

    3.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the Charterer of the Vessel.

    4.    By a charter party dated December 29, 2005 Plaintiff chartered the Vessel to Defendant to load and carry a cargo of about 30,000 tonnes of iron ore fines from Haldia and Paradip, India to one safe port North China, intention Lianyungang or Rizhao.

5. A dispute arose between the parties regarding Defendant's failure to perform and renunciation/repudiatory breach of the charter party contract.

6. As a result of Defendant's renunciation/repudiatory breach of the charter party, Plaintiff sustained damages in the total principal amount of $110,818.50, exclusive of interest, attorneys fees, and arbitration costs.

7. Pursuant to the charter party, any disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

8. Despite due demand, Defendant failed to pay Plaintiff's claim.

9. Therefore, Plaintiff initiated arbitration proceedings in London on its claims.

10. A Final Award was issued in Plaintiff's favor on March 12, 2007.

11. Pursuant to the Final Award Defendant was directed to pay Plaintiff the principal amount of $104,188.57 together with interest at 7.5%, compounded quarterly from February 1, 2006 until the date of payment.

12. Furthermore, Defendant was directed to pay Plaintiff's recoverable costs incurred in the arbitration, as assessed by the arbitrator or agreed upon by the parties, and the costs of the arbitration award, assessed at 2,850 GBP together with interest at 7.25%, compounded quarterly from March 12, 2007 until the date of payment.

13. An Award of Costs was issued in Plaintiff's favor on May 15, 2007.

14. Pursuant to the Award of Costs, Defendant was directed to pay Plaintiff's costs in the amount of 6,037.36 GBP together with interest at 7.5%, compounded quarterly from March 12, 2007 until the date of payment.

15. Furthermore, Defendant was directed to pay the cost of the Award of Costs, assessed at 850 GBP, together with interest thereon at 7.5%, compounded quarterly from the date of payment until the date of reimbursement.

16. As best as can now be estimated, Plaintiff expects to recover the following amounts under the Final Awards:

| | | |
|---|---|---|
| A. | Principal claim: | $104,188.57 |
| B. | Estimated interest on principal claim at 7.5%, compounded quarterly from February 1, 2006 until June 20, 2009 (estimated date of recovery): | $29,780.82 |
| C. | Recoverable costs, as assessed in Award of Costs: | $11,908.44 |
| D. | Estimated interest on recoverable costs at 7.5%, compounded quarterly from March 12, 2007 until June 20, 2009 (estimated date of recovery): | $2,195.01 |
| E. | Cost of Final Award: | $5,620.79 |
| F. | Estimated interest on cost of Final Award at 7.25%, compounded quarterly from March 12, 2007 until June 20, 2009 (estimated date of recovery): | $998.95 |
| G. | Cost of Award of Costs: | $1,676.70 |
| H. | Estimated interest on costs of Award of Costs at 7.5%, compounded quarterly from March 20, 2007 until June 20, 2009 (estimated date of recovery): | $305.83 |
| **Total** | | **$156,675.11** |

17. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

18. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$156,675.11** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

D.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
       June 14, 2007

                                    The Plaintiff,
                                    AGROSHIP LIMITED

                                    By: _____
                                    Charles E. Murphy (CM 2125)
                                    Nancy R. Peterson (NP 2871)
                                    LENNON, MURPHY & LENNON, LLC
                                    The Gray Bar Building
                                    420 Lexington Ave., Suite 300
                                    New York, NY 10170
                                    (212) 490-6050
                                    facsimile (212) 490-6070
                                    cem@lenmur.com
                                    nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   City of New York
County of New York   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, NY
          June 14, 2007

                                                    Nancy R. Peterson

6